**In re Richard CHOQUETTE, Debtor.**

**Sharon Paddock, Plaintiff,**

**v.**

**Richard Choquette, Defendant.**

**Bankruptcy No. 01–10300.**
**Adversary No. 01–1038.**

United States Bankruptcy Court,
D. Rhode Island.

April 16, 2002.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtor/Defendant.

John J. Kupa, Jr., North Kingstown, RI, for Plaintiff.

Marc Wallick, Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Complaint of Sharon Paddock seeking a determination under § 523(a)(5) that the debt owed by her ex-husband, the Debtor, is nondischargeable. Upon consideration of the evidence, the written and oral arguments of counsel, and for the reasons set forth below, I find and conclude that the disputed obligation is not a debt incurred "in connection with a separation agreement, divorce decree or other order of a court of record," and therefore does not fall within the purview of 11 U.S.C. § 523(a)(5). I also find that even if the obligation in question was created in connection with the parties' divorce, the debt is in the nature of a property settlement, *not* support, and is dischargeable for that reason, as well.

1. See Fed. R. Bankr.P. 7052 and 9014.

### Findings of Fact and Conclusions of Law [1]

(1) These parties were married for twelve years, until October 14, 1994, when they were granted a final judgment of divorce in the Washington County Family Court.

(2) Two children were born of the marriage, and they were 8 and 11 at the time of the divorce. The parties were awarded joint custody of the children, with physical possession granted to Sharon Paddock.

(3) As part of the divorce, the parties entered into a "Property Settlement Agreement" (the "PSA"), which states in part:

> The parties agree that the husband shall continue to reside in the marital domicile for a period not to exceed three (3) years from the date hereof. Husband shall pay to wife within said three (3) year period the sum of Ten Thousand Dollars ($10,000.00) and husband shall either sell said real estate or refinance the existing mortgages on said real estate so that wife shall no longer be on the mortgages and on the notes for any loans whatsoever and then, in that event, wife shall quitclaim her interest in the marital domicile to husband. Husband shall be solely responsible for paying off all existing encumbrances on the said real estate.... If Husband fails to pay to wife the sum of Ten Thousand ($10,000.00) Dollars within said three (3) year period as aforesaid, then in that event, the house shall be placed on the market, listed with a licensed real estate broker at the fair market value. Upon sale of the real estate in that event, the existing mortgages shall be paid of [sic] and the remaining proceeds equally divided between the parties and husband

shall be solely responsible for paying off all other encumbrances including all state and federal tax liens and other liens and shall hold wife harmless for all such obligations....

Property Settlement Agreement, Plaintiff's Exhibit A, ¶ 8, p. 2.

(4) At the time of the divorce, $10,000 was considered to be half of the equity in the marital domicile. The Plaintiff stated that she intended to use those proceeds to buy another house some day.

(5) The parties waived alimony permanently, and the Debtor agreed to pay $125 per week for child support.

(6) The bottom line, and what brings us here is that the Debtor failed to pay the Plaintiff the entire $10,000 required under Paragraph 8 of the PSA within the agreed-upon 3–year period.

(7) Although the Plaintiff was entitled under the PSA to force the sale of the property and divide the net proceeds, this was not done. Instead, the parties entered into an agreement under which the Debtor executed and delivered to the Plaintiff a promissory note dated May 26, 1999, in the face amount of $27,500, secured by a junior mortgage on the property. Upon delivery of the Note, the Plaintiff quitclaimed her interest in the property to the Debtor.

(8) Paragraph 18 of the PSA states that: "A modification or waiver of this agreement shall be effective only if in writing and executed with the same formality as this agreement." Property Settlement Agreement, Plaintiff's Exhibit A, ¶ 18, p. 3.

(9) While not very clear in the record, it appears that when the Plaintiff delivered the quitclaim deed to the Debtor, the Debtor simultaneously refinanced the indebtedness on the property and paid off the joint obligations of the parties.

(10) The parties do not agree on what was paid under the new promissory note, but the Plaintiff concedes that she received $5,000 on May 26, 1999; $2,500 on March 20, 2000; and $2,500 on April 13, 2000.

(11) The Plaintiff testified that she was employed full time as a receptionist at the time of divorce, but could not recall the amount of her salary. She also testified that the Debtor was a self-employed contractor, and did remember that he earned between $25,000 and $30,000 per year at the time of divorce.

(12) To complete the picture regarding the former marital domicile, the first mortgage was foreclosed, leaving a deficiency on that obligation, and a host of other unpaid liens which precipitated this bankruptcy filing.

(13) On April 26, 2001, Ms. Paddock filed the instant adversary proceeding seeking a determination that the balance due under the May 26, 1999 Note is non-dischargeable.

(14) Under Section 523(a)(5), a debtor is not discharged from a debt

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity ... or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

(15) Under Section 523(a)(5) the Plaintiff has the burden of proof on all

issues, and must prove her case by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Dressler v. Dressler (In re Dressler),* 194 B.R. 290, 296 (Bankr.D.R.I.1996).

■ (16) Because the Plaintiff has not met her burden on this issue, I find that the debt due under the Promissory Note dated May 26, 1999, is not a debt "to a spouse . . . in connection with a separation agreement, divorce decree, . . . or property settlement agreement."

■ (17) There was no written amendment to the PSA, as required, but even viewing the new agreement as a valid amendment to the PSA, I would find that the obligations created by paragraph 8 of the PSA are not in the nature of alimony, maintenance or support, but rather are part of a new property settlement between the parties. In making this determination, I have considered the same factors used in *Dressler,* 194 B.R. at 295–298. *See also Gibbons v. Gibbons (In re Gibbons),* 160 B.R. 473, 475 (Bankr.D.R.I.1993). Although the parties were married for a significant time (12 years) and there were two children born of the marriage, the Debtor was obligated under the PSA to pay child support to the Plaintiff in the amount of $125 per week,[2] which in the circumstances adequately addressed the support needs of the children. While the Plaintiff was vague about their respective incomes at the time of divorce, there is no basis for a finding of a significant disparity between the relative earning capacities of the parties. Additionally, under Paragraph 8 of the PSA, the $10,000 was not to be paid at any specific time—only before the expiration of three years. The parties agree that $10,000 represented one-half of the net equity in the former marital domi-

cile. Finally, the Plaintiff testified that she intended to use the funds to some day buy a new home. All of these factors bear the earmarks of a property settlement rather than a support obligation.

(18) I find that the Plaintiff has not met her burden of proof under any of the elements required under Section 523(a)(5).

For the foregoing reasons, the Plaintiff's Complaint is DENIED, and the debt is discharged. Enter judgment for the Debtor.

---

**2.** The nondischargeability of this support obligation is not in dispute.